DARRYL J. HOROWITT #100898
C. FREDRICK MEINE III #203889
CAZ C. ASHJIAN #354988
COLEMAN & HOROWITT, LLP
499 W. Shaw, Suite 116
Fresno, CA 93704
Telephone: (559) 248-4820
Facsimile:  (559) 248-4830
Email: dhorowitt@ch-law.com; fmeine@ch-law.com; cashjian@ch-law.com

Attorneys for Plaintiff,
UNITED STATES OF AMERICA, for the use and benefit of JOHNSON CONTROLS FIRE PROTECTION, LP, a limited partnership

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of JOHNSON CONTROLS FIRE PROTECTION, LP, a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>CJW CONSTRUCTION, INC., a California corporation; WESTERN SURETY COMPANY, a South Dakota corporation; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR MILLER ACT PAYMENT BOND CLAIM AND BREACH OF CONTRACT** |

UNITED STATES OF AMERICA, for the use and benefit of JOHNSON CONTROLS FIRE PROTECTION, LP, alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is founded upon the Miller Act (40 U.S.C.A §§ 3131-3134), as this action is brought in the name of the United States of America for the use and benefit of JOHNSON CONTROLS FIRE PROTECTION, LP, a limited partnership.

2. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367(a) because the state laws claims form part of the same case and controversy.

///

3. Venue in this Court is proper pursuant to 40 U.S.C. Section 270b(b) in that the contract was to be performed and executed in Edwards, County of Kern, California, within the Eastern District of California.

**PARTIES**

4. JOHNSON CONTROLS FIRE PROTECTION, LP ("**Use-Plaintiff**") was and now is a limited partnership, formed in Delaware and authorized to conduct business in California.

5. Use-Plaintiff is informed and believes and thereon alleges that Defendant CJW CONSTRUCTION, INC. ("**CJW**") is, and at all times mentioned herein was, a California corporation and licensed general contractor and that this Court has personal jurisdiction over CJW because CJW purposely directed its activities toward California by, among other things, the following: (a) it is a California corporation; (b) it entered into a federal public works construction contract to be performed within this District at Edwards, County of Kern, California (the "**Project**"); (c) it conducts substantial business operations within California in connection with the Project; and (d) it entered into a subcontract with Use-Plaintiff, which was to be performed entirely within California.

6. Use-Plaintiff is informed and believes and thereon alleges that Defendant WESTERN SURETY COMPANY ("**WESTERN**") is, and at all times mentioned herein was, a South Dakota corporation and that this Court has personal jurisdiction over WESTERN because WESTERN purposely directed its activities toward California by, among other things, the following: (a) it issued a payment bond for the Project; (b) it purposefully availed itself of the privilege of conducting activities in California by serving as a surety on the Project; and (c) it has systematic and continuous contacts with California through its regular business operations within the state, including issuing construction bonds and conducting insurance business.

7. The true names and capacities of defendants DOES 1 through 5, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names; and when the true names and capacities of such Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to insert same. Plaintiff is informed and believes and thereon alleges that each Defendant named as a DOE

Defendant is responsible for each and every act and obligation hereinafter set forth.

8.  Plaintiff is informed and believes and thereon alleges that each Defendant named in this Complaint was at all times herein mentioned and now is the agent, servant and employee of the other Defendants herein, and was at all such times acting within the course and scope of said agency and employment and with the consent and permission of each of the other Co-Defendants, and each of the defendants herein ratified each of the acts of each of the other Co-Defendants, and each of them. Plaintiff will seek leave to amend this Complaint to reflect the true identities and capacities of such DOE Defendants when such identity and capacity is known to Plaintiff.

### FIRST CLAIM FOR RELIEF

### CLAIM ON PAYMENT BOND UNDER THE MILLER ACT

### (AGAINST DEFENDANT WESTERN)

9.  Use-Plaintiff is informed and believes and thereon alleges that on or about September 29, 2022, the United States, acting through the U.S. Army Corps of Engineers, entered into Prime Contract No. 80AFRC19D0014 / 80AFRC22F0088 with CJW, as the prime contractor, for construction of the Project.  The Project is commonly referred to as the Centerwide Fire Systems Repair Construction, NASA AFRC, CA project.

10.  WESTERN, as surety, issued Payment Bond No. 30170410 (the "**Payment Bond**") for the Project, as required by the Miller Act, 40 U.S.C. § 3131 et seq.

11.  On or about November 22, 2022, Use-Plaintiff, as subcontractor, entered into a Subcontract Agreement No. 1249-003 with CJW, as the prime contractor, to provide labor, materials, and services necessary to the completion of the Project (the "**Subcontract**").  A true and correct copy of the Subcontract is attached hereto, marked Exhibit A and incorporated herein.

12.  The original Subcontract amount of $2,195,154.00, was adjusted to $2,204,034.50, which was subsequently increased by approved change orders in the amount of $123,571.85, for a total of $2,327,606.35.

13.  Use-Plaintiff performed its obligations under the Subcontract and all approved change orders.  Use-Plaintiff's last work on the Project was performed in or about August 2025.  Use-Plaintiff submitted timely Applications and Certificates for Payment, seven of which were not

paid.

14. CJW breached the Subcontract by, among other things, its failure to pay Use-Plaintiff the full amount due under the Subcontract, leaving an outstanding balance of $1,575,590.78.

15. As a first-tier subcontractor, the Payment Bond was issued for Use-Plaintiff's benefit.

16. On August 21, 2024, Use-Plaintiff sent a bond claim notice to CJW and WESTERN, demanding payment of the outstanding balance due under the Subcontract. Use-Plaintiff made demand for payment on CJW and provided CJW with a copy of the bond claim.

17. On November 21, 2025, Use-Plaintiff sent an Amendment to Submission of Claim against Payment Bond ("**Amendment of Bond Claim**") notice to CJW and WESTERN, demanding payment of the current outstanding balance due under the Subcontract. Use-Plaintiff made demand for payment on CJW and provided CJW with a copy of the Amendment to Bond Claim.

18. To date, Use-Plaintiff has not been paid in full for the labor and materials supplied to the Project pursuant to the Subcontract and Use-Plaintiff did not receive a response to its Amendment of Bond Claim on the Payment Bond.

19. Use-Plaintiff filed this suit within one year of the last date Use-Plaintiff supplied labor or materials to the Project pursuant to the Subcontract.

20. Use-Plaintiff is entitled to payment on the Subcontract and on the Payment Bond and has made proper demand for said payment and has otherwise satisfied all conditions precedent to bringing this action under the Miller Act.

## SECOND CLAIM FOR RELIEF

**BREACH OF WRITTEN CONTRACT**

**(AGAINST DEFENDANT CJW)**

21. Use-Plaintiff performed all material terms of the Subcontract by, among other things, completing all required work and providing all required materials, with the last services performed in or about August 2025.

22. CJW breached the Subcontract by, among other things, its failure to pay Use-Plaintiff the full amount due under the Subcontract, leaving an outstanding balance of $1,575,590.78.

23. As a direct and foreseeable result of CJW's breach, Use-Plaintiff has suffered actual damages in the amount of $1,575,590.78, representing the full value of labor and materials provided under the subcontract, plus interest according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Use-Plaintiff Johnson Controls Fire Protection LP respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally, as follows:

**On the First Claim for Relief against WESTERN**:

1. For payment of $1,575,590.78 plus interest according to proof pursuant to the Payment Bond;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

**On the Second Claim for Relief against CJW**:

1. For damages in the amount of $1,575,590.78, representing the outstanding principal balance owed to Use-Plaintiff;

2. For prejudgment interest on the principal amount due from the date of the last furnished labor and materials until the date of judgment;

3. For post-judgment interest as provided by law;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated:    January 8, 2026             COLEMAN & HOROWITT, LLP

By: _____
DARRYL J. HOROWITT
C. FREDRICK MEINE III
CAZ C. ASHJIAN
Attorneys for Use-Plaintiff,
JOHNSON CONTROLS FIRE
PROTECTION, LP